# DOAR RIECK KALEY & MACK

## ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
JOHN F. KALEY
WALTER MACK

OF COUNSEL
JOHN JACOB RIECK, JR.
JAMES I. WASSERMAN
DAVID RIVERA
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

November 15, 2018

**_By ECF_**
Hon. William F. Kuntz
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     **Bricklayers Insurance and Welfare Fund, et al. v. Gibraltar Contracting, Inc., et al.
Case No. 18-CV-1122 (WFK)(RLM)**

Dear Judge Kuntz:

Pursuant to Chief Magistrate Judge Mann's order dated October 23, 2018, plaintiffs BAC Local 1 and the Bricklayers Fringe Benefit Funds (collectively the "Bricklayers") hereby request a pre-motion conference for permission to file a motion for summary judgment against defendants Gibraltar Contracting, Inc. ("Gibraltar") and Christian Varela ("Varela").

Gibraltar is party to a collective bargaining agreement ("CBA") which requires its signatories to assign all masonry work undertaken in New York City and Long Island to Local 1 bricklayers. Gibraltar must then submit monthly remittance reports identifying the bricklayers employed within Local 1's jurisdiction, list the number of hours worked by each member, and make contributions on their behalf to the union based on predetermined hourly rates.

The Bricklayers seek to recover unpaid employee benefit fund contributions and unremitted dues checkoffs from Gibraltar pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1145, and the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

The Bricklayers also seek summary judgment against Gibraltar's owner and fiduciary, Varela, who is individually liable for failing to remit certain plan assets – as defined by the corresponding trust documents and CBA – to the members' welfare, pension and annuity funds.

108175

There is no genuine issue of material fact as to the defendants' liability. As to the amount owed, the plaintiffs rely on multiple audits conducted for the period covering January 2016 through June 2018. An audit is documentary evidence sufficient to support an award of damages on summary judgment in an ERISA action. *See Annuity, Pension, Welfare & Training Funds of the Int'l Union of Operating Eng'rs, Local 14 14B, AFL CIO v. Superior Site Work, Inc.*, No. 15-CV-543, 2017 WL 639248, *4 (E.D.N.Y. Feb. 16, 2017). The Bricklayers are also entitled to interest, liquidated damages, and attorneys' fees under the statute. *Id.* at *5-6.

Finally, negotiations between the parties are still ongoing. Therefore, in keeping with the Magistrate's plan to move forward, while leaving the door open to a possible settlement, we respectfully ask that the pre-motion conference take place after November 30.

We thank the Court for its courtesies and accommodation.

Respectfully submitted,

Michael R. Minnefor

cc:     John Janiec, Esq.